UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOMAXON PHARMACEUTICALS, INC., and PROCOM ONE INC.,<br><br>        Plaintiffs,<br><br>        v.<br><br>ACTAVIS ELIZABETH LLC,<br>ACTAVIS INC.,<br>MYLAN INC.,<br>MYLAN PHARMACEUTICALS INC.,<br>PAR PHARMACEUTICAL INC.,<br>PAR PHARMACEUTICAL COMPANIES INC.<br>ZYDUS PHARMACEUTICALS (USA) INC., and<br>CADILA HEALTHCARE LIMITED,<br><br>        Defendants. | Misc. Case No. 1:22-mc-162<br><br>(C.A. No. 10-1100-RGA-MPT, D. Del.) |

## MOTION TO QUASH

Pursuant to Fed. R. Civ. P. 45(d)(3)(A), Defendants and Counterclaim-Plaintiffs Mylan Pharmaceuticals Inc. and Mylan Inc. (collectively, "Mylan") hereby move to quash the attached document subpoena (the "Subpoena", attached as Exhibit A) served on Teva Pharmaceuticals USA Inc. ("Teva") by plaintiff Somaxon Pharmaceuticals Inc. ("Somaxon") and nonparties Currax Pharmaceuticals LLC, Currax Holdings LLC, and Currax Holdings USA LLC (collectively, "Currax"). The Subpoena is untimely, and the belated disclosure and use of any information gained via the Subpoena would prejudice Mylan. Mylan requests that consideration of this Motion be transferred to the District of Delaware because of exceptional circumstances under Fed. R. Civ. P. 45(f). If this Court retains consideration of the present Motion, it should quash the Subpoena.

## STATEMENT

The Subpoena arises out of a contract dispute in the District of Delaware, based on the breach of a settlement agreement. Nearly two years ago, in ruling on a motion to enforce the agreement, the Delaware court found that Currax breached the contract and that Mylan could pursue damages for the breach. *Somaxon Pharmaceuticals Inc. et al. v. Actavis Elizabeth LLC et al.*, No. 1:10-cv-01100, D.I. 322 at 6-7 (D. Del. Jun. 25, 2020).[1] The court entered a Scheduling Order on February 16, 2022, including a deadline for the close of fact discovery of June 6, 2022. Specifically, the Order provided that "[a]ll fact discovery in this case shall be initiated so that it will be completed on or before June 6, 2022." D.I. 331 at 1. In defiance of this Order, Currax served four subpoenas, including the Subpoena at issue here, on or after June 1, 2022. Ex. A. Currax did not seek leave of court or an extension allowing it to serve discovery that would not be completed until after the deadline prescribed by the Scheduling Order. *See generally* Docket, *Somaxon Pharmaceuticals Inc. et al. v. Actavis Elizabeth LLC et al.*, No. 1:10-cv-01100 (D. Del.). The return date for the document subpoenas is tomorrow, June 15. Ex. A.

At a meet and confer, counsel for Mylan requested that Currax withdraw the subpoenas because they were served untimely under the Scheduling Order and because late discovery pursuant to the subpoenas would prejudice Mylan's opening expert report, due June 8 under the scheduling order. Currax refused. Currax additionally refused to consent to a transfer of consideration of the present motion (and other motions challenging the other subpoenas in a total of three different districts) to Delaware for consideration by the district court there, though its counsel gave no reason for withholding consent.

---

[1] All references to docket entries throughout this Motion refer to this docket.

**ARGUMENT**

**1.     This Court has jurisdiction to hear Mylan's motion, which is timely.**

The Subpoena commands Teva to comply by producing documents at an address in this District.  Ex. A.  Under Fed. R. Civ. P. 45(d)(3)(A), this Court is the "court for the district where compliance is required" and is thus the proper forum to hear the Motion.

A motion to quash is timely when, as here, it is filed before the return date for the subpoena.  *Nike, Inc. v. Wu*, 349 F. Supp. 3d 310, 320 (S.D.N.Y. 2018) ("In order to be timely, a motion to quash a subpoena generally must be filed before the return date of the subpoena.") (citation omitted), *aff'd*, 349 F. Supp. 3d 346 (S.D.N.Y. 2018).

A party to the case has standing to quash a third-party subpoena on grounds of untimeliness.  *Ferreira v. Penzone*, No. CV-15-01845-PHX-JAT, 2018 WL 1706212, at *1 n.1 (D. Ariz. Apr. 9, 2018) ("when a party moves to quash a third party subpoena on the basis of its untimeliness," the party has standing); *Davis v. Tri-Cnty. Metro. Transp. Dist. of Or.*, No. 3:12-CV-0808-SI, 2015 WL 3823826, at *1 (D. Or. June 18, 2015) (granting motion to quash subpoena served on third party after expiration of discovery deadline); *Rice v. United States*, 164 F.R.D. 556, 556-58 (N.D. Okla. 1995) (same).

**2.     This Court should transfer consideration of this Motion to the District of Delaware.**

The Subpoena relates to a case pending in the District of Delaware. Pursuant to Fed. R. Civ. P. 45(f), Mylan requests that consideration of this Motion be transferred to the District of Delaware.  Although Currax unreasonably refused to consent to transfer under Rule 45(f), "exceptional circumstances" warrant transfer here.

First, the "prime concern" of "avoiding burdens on local nonparties subject to subpoenas" would not be affected by transfer.  *Drummond Co. v. VICE Media LLC*, No. 21-mc-859 (AJN), 2022 WL 445681, at *2 (S.D.N.Y. Feb. 14, 2022) (quoting Committee Comments to 2013

3

Amend. to Fed. R. Civ. P. 45). The local nonparty, Teva, is not involved with this Motion, which seeks to vindicate Mylan's interest in orderly litigation of its case pursuant to the discovery schedule ordered by the Delaware court. Transfer is thus "warranted in order to avoid disrupting the issuing court's management of the underlying litigation[.]" *Id.*

Transfer is also warranted because the Delaware "court has already ruled on issues presented by the motion [and] the same issues are likely to arise in discovery in many districts." *Id.* The Delaware court's Scheduling Order resolves whether this subpoena was timely, in the negative. And in addition to the Subpoena, Currax served three other untimely subpoenas, one requiring Teva to appear for a deposition (presumptively at its corporate headquarters in New Jersey) and two requiring McKesson Corporation to produce documents and appear for a deposition, respectively, at its headquarters in the Northern District of Texas. Mylan is challenging all of these subpoenas, which turn on similar issues of timeliness and prejudice and should be heard by Judge Andrews in Delaware, who is familiar with the ten-plus-year history of the case. *See id.* ("exceptional circumstances warrant a transfer" when, among other factors, the case "involves complex issues that have been before" the judge "for over a decade").

### 3. The Subpoena is untimely and subject to being quashed on that basis.

If this Court retains consideration of the Motion, it should grant it. Currax's Subpoena should be quashed as untimely under the Scheduling Order in the Delaware litigation. That order provides that "[a]ll fact discovery in this case shall be initiated so that it will be completed on or before June 6, 2022." D.I. 331 at 1. Currax's service of the Subpoena violated this provision of the Order and is void.

Currax served the Subpoena on June 1, 2022. D.I. 349. This was five days before fact discovery closed, and slightly over one month before Mylan's opening expert reports are due on July 8. D.I. 331 at 1-2. The return date for the Subpoena is June 15—nine days after the District

of Delaware ordered fact discovery closed. Ex. A. In order to initiate this discovery "so that it [would] be completed" on or before June 6, as required by the Scheduling Order (D.I. 331 at 1), Currax would have had to serve the Subpoena 14 days prior, by **May 23, 2022**, at the latest. It did not. And having known for two years that it might want information from third parties in order to litigate Mylan's damages case, Currax has no excuse for its delay.

When third party subpoenas violate a court's scheduling order, the courts do not hesitate to quash them. *E.g.*, *Nikonov v. Flirt NY, Inc.*, No. 1:19-cv-07128 (SDA), 338 F.R.D. 444, 445-46 (S.D.N.Y. 2021) ("[W]hen a [party] is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied.") (quoting *Revander v. Denman*, No. 00-CV-01810 (RJH), 2004 WL 97693, at *1 (S.D.N.Y. Jan. 21, 2004)); *McKay v. Triborough Bridge & Tunnel Auth.*, No. 05 Civ. 8936 (RJS), 2007 WL 3275918, at *2 (S.D.N.Y. Nov. 5, 2007) ("[P]arties may not issue subpoenas 'as a means to engage in discovery after the discovery deadline has passed.'") (quoting *Dodson v. CBS Broad. Inc.*, No. 02 Civ. 9270 (KMW) (AJP), 2005 WL 3177723, at *1 (S.D.N.Y. Nov. 29, 2005)). Although some courts excuse late service of subpoenas when the serving party learned of the documents late in the fact discovery period, *see VR Optics, LLC v. Peloton Interactive, Inc.*, No. 16-CV-6392 (JPO), 2019 WL 2121690, at *7 (S.D.N.Y. May 15, 2019) ("[S]even days prior to the close of fact discovery."), there is "no explanation for" Currax's "failure to seek this material earlier" here, as it has been aware of the possible relevance of the documents it seeks for nearly two years, if not more. *Kelly v. Wright Med. Tech., Inc.*, No. 00 Civ. 8808 (LAK), 2003 WL 40473, at *1 (S.D.N.Y. Jan. 3, 2003).

Since the Subpoena should not have been issued due to the time bar, it must be quashed as imposing an undue burden within the meaning of Fed. R. Civ. P. 45(d)(3)(A)(iv). "When a

subpoena should not have been issued, literally everything done in response to it constitutes 'undue burden or expense' within the meaning of Civil Rule 45[.]" *Breaking Media, Inc. v. Jowers*, No. 21 Misc. 194 (KPF), 2021 WL 1299108 (S.D.N.Y. Apr. 7, 2021) (quoting *Molefi v. Oppenheimer Tr.*, No. 03 CV 5631 (FB) (VVP), 2007 WL 538547, at *3 (E.D.N.Y. Feb. 15, 2007) and *Builders Ass'n of Greater Chi. v. City of Chi.*, No. 96 C 1122, 2002 WL 1008455, at *4 (N.D. Ill. May 13, 2002)).

    **4.    The Subpoena must be quashed to avoid prejudice to Mylan.**

Courts consider whether a party can make a "showing of prejudice" (*In re Speer*, 754 F. App'x 62, 64 (2d Cir. 2019)) or other "undue hardships created by permitting" discovery pursuant to a subpoena when deciding whether to grant a motion to quash. *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 269 F.R.D. 360, 364 (S.D.N.Y. 2010) (citation omitted). Here, Mylan will be prejudiced if discovery on the Subpoena is allowed to proceed. As the party with the burden of proof on its damages claim, the Scheduling Order requires Mylan to serve its opening expert report on July 8, 2022. D.I. 331 at 2. Any documents produced pursuant to the Subpoena may be relevant to Mylan's expert's opinions regarding damages, but the schedule for compliance and production entailed by Currax's untimely Subpoena—even if production were made without delays—will deprive Mylan's expert of much of the time to analyze the evidence, form an opinion, and prepare a report that the Scheduling Order permits. To avoid this prejudice to Mylan's disclosure of expert testimony, the Subpoena should be quashed.

## CONCLUSION

For the foregoing reasons, the consideration of this Motion should be transferred to the District of Delaware, and the Subpoena should be quashed.

Dated: June 14, 2022                              Respectfully Submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*s/ John I. Karin*
John I. Karin
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: jkarin@wsgr.com

OF COUNSEL:

Stuart A. Williams
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
375 Southpointe Boulevard
Canonsburg, Pennsylvania 15317
Telephone: (917) 288-5094
Facsimile: (212) 999-5899
Email: swilliams@wsgr.com

Nicole W. Stafford
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, Texas 78746
Telephone: (512) 338-5400
Facsimile: (512) 338-5499
Email: nstafford@wsgr.com

David S. Steuer
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
Email: dsteuer@wsgr.com

G. Edward Powell III
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C. 20006
Telephone: (202) 973-8800
Facsimile: (202) 973-8899
Email: epowell@wsgr.com

*Counsel for Movants Mylan Pharmaceuticals Inc. and Mylan Inc.*

## **CERTIFICATE OF SERVICE**

I, John I. Karin, hereby certify that on June 14, 2022, I electronically filed the foregoing document with the Clerk of the Court, United States District Court for the Southern District of New York using the CM/ECF system. I also certify that the foregoing document is being served via email this day on all counsel of record in the underlying action - *Somaxon Pharmaceuticals Inc. et al. v. Actavis Elizabeth LLC et al.*, No. 1:10-cv-01100 (D. Del.).

Dated: June 14, 2022

Respectfully Submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*s/ John I. Karin*
John I. Karin
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: jkarin@wsgr.com