UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOMAXON PHARMACEUTICALS, INC., and PROCOM ONE INC.,<br><br>        Plaintiffs,<br><br>        v.<br><br>ACTAVIS ELIZABETH LLC,<br>ACTAVIS INC.,<br>MYLAN INC.,<br>MYLAN PHARMACEUTICALS INC.,<br>PAR PHARMACEUTICAL INC.,<br>PAR PHARMACEUTICAL COMPANIES INC.,<br>ZYDUS PHARMACEUTICALS (USA) INC., and<br>CADILA HEALTHCARE LIMITED,<br><br>        Defendants. | Misc. Case No. 1:22-mc-00162-KPF<br><br>(C.A. No. 10-1100-RGA-MPT, D. Del.) |

### REPLY BRIEF IN SUPPORT OF MOTION TO QUASH SUBPOENA

Currax's Opposition (ECF No. 7, "Opp."), demonstrates why transfer to the District of Delaware is warranted. That Court has supervised the underlying ten-plus-year case history and two years of litigation regarding the currently live issues, and it is in the best position to determine whether the Subpoena violated its Scheduling Order and, if so, whether Currax's proffered excuses for the violation, based on its conduct of the litigation, are meritorious. The Northern District of Texas agreed: in transferring consideration of Mylan's motion to quash the parallel McKesson subpoenas to Delaware, that Court noted that since "the transferee court currently has a scheduling order in place which contains a deadline for the close of fact discovery," exceptional circumstances exist, and transfer is warranted under Rule 45(f). Ex. A. The same Scheduling Order applies to this Subpoena and the same result is appropriate here.

If this Court retains consideration of the Motion, it should find that Mylan has standing to bring it. Currax belabors the point that there exists a general rule against party standing to challenge third party subpoenas, and it acknowledges one exception to this rule (a "personal right or privilege" exception), but it does not engage with the reasons that courts have recognized a separate exception for untimely subpoenas. Mylan has an interest in the agreed Scheduling Order, entered by the Delaware court, continuing to govern proceedings there.

In any event, and even if this Court retains consideration of the Motion, Currax's reasons for upholding the Subpoena fail on their own terms. To be sure, the law does not support Currax's contention that it is free to violate court-ordered schedules with untimely subpoenas. Currax presents no argument that its subpoena complied with the plain language of Judge Andrews' Scheduling Order, relying instead on cases that evaluated subpoenas in comparison with a discovery "close," or "deadline to *complete* fact discovery[.]" Opp. 10 (emphasis added). In contrast, Judge Andrews' order provided a deadline to "*initiate*[]" fact discovery. D.I. 331 at 1 (emphasis added).[1] Currax does not contest Mylan's argument that, because the minimum return period for a subpoena is 14 days, the latest that a subpoena could be served in order to comply with the Order's terms was May 23, not June 6.

Currax's violation is all the more inexcusable in light of its lack of diligence. By its own admission, Currax was in contact with McKesson, the target of another subpoena not at issue here, since "at least as early as April 2022," and it states that the present Subpoena to Teva was required by its inability to obtain the requested information from McKesson. Opp. 11 & n.4. It offers no reason for delaying its outreach to Teva until after its pursuit of McKesson proved fruitless, or for declining to seek an extension of fact discovery such that discovery pursuant to

---

[1] As with the Motion, all references to docket entries by D.I. number refer to the docket in *Somaxon Pharmaceuticals Inc. et al. v. Actavis Elizabeth LLC et al.*, No. 1:10-cv-01100-RGA-MPT (D. Del.).

its subpoenas could be timely completed. Rather, Currax delayed this subpoena, knowing the subpoena's return date would cause it to violate the Scheduling Order. Currax's attempt to avoid "Court intervention" (Opp. 11) by seeking forgiveness later rather than permission up front should not be condoned.

## ARGUMENT

### 1.     Mylan has standing to challenge an untimely subpoena.

Mylan has standing to challenge the Subpoena for untimeliness, which constitutes an exception to the general personal-rights rule that Currax recites. Mot. at 3 (quoting *Ferreira v. Penzone*, No. CV-15-01845-PHX-JAT, 2018 WL 1706212, at *1 n.1 (D. Ariz. Apr. 9, 2018)). Mylan's Motion is grounded on the untimeliness of the subpoena under the discovery window set by the court-approved Scheduling Order. The asserted hardships establish that Mylan is injured by the subpoena, since the delay violates a scheduling order and materially alters Mylan's preparation in reliance; that Currax caused the injury, since Currax could have subpoenaed Teva at any time up until May 23, 2022, to allow completion in accordance with the scheduling order; and this Court can remedy the injury, since quashing the subpoena upholds the scheduling order and averts wasting Mylan's preparation and expenses to this point. Since parties to a case are entitled to the benefits of their scheduling orders, the District of Arizona held that "[t]his general rule [against party standing] does not apply . . . when a party moves to quash a third party subpoena on the basis of its untimeliness." *Ferreira*, 2018 WL 1706212, at *1 n.1.

Contrary to Currax's claims, Mylan does not need a personal interest to establish standing to object to this subpoena. When a party objects to a subpoena directed to a non-party on the grounds that the subpoenaed contents would violate privilege or a privacy interest, then the party must show such a personal interest to have standing. *See, e.g.*, *Sali v. Zwanger & Pesiri Radiology Grp., LLP*, No. 19 CV 275 (FB) (CLP), 2022 WL 1085508 (E.D.N.Y. Jan. 10, 2022),

3

*report & recommendation adopted*, 2022 WL 819178 (Mar. 18, 2022). But Mylan does not presently object to the *substance* of the material Currax has subpoenaed. Rather, Mylan objects to the *procedural defects* of the subpoena; namely, that it seeks discovery in violation of the scheduling order. Mylan is thus relying on the timeliness exception rather than the personal-interest exception to party standing.

Currax mistakenly conflates standing requirements for challenging the *substance* of subpoenaed material with those for challenging the *procedural* defects of an untimely subpoena. This mistake is clearest when Currax cites a series of cases within the Second Circuit that hinge on a finding of insufficient *privilege* to deny standing. Opp. Br. at 3–4 (collecting cases). Take, for example, *Sali v. Zwanger*, in which the Court found that the defendant did not establish privilege and therefore lacked standing. There, the defendant objected on the grounds that the information sought was "irrelevant, confidential, and disproportionate to the needs of this case," violating a privacy interest since the subpoenaed documents contained "personal information[.]" 2022 WL 1085508, at *3, *18. Because the Court found the objections to the *content* unpersuasive, and because the defendant did not object to the timeliness, the motion to quash was denied. *Id.*

The same is true for *Taylor Precision Products, Inc. v. Larimer Group, Inc.*, which states the general rule but does not reject Mylan's proffered exception. No. 15-CV-4428 (ALC) (KNF), 2017 WL 10221320 (S.D.N.Y. Feb. 27, 2017). Currax suggests the court found the "plaintiff lacked standing to challenge [the] subpoena as 'untimely' because 'plaintiff did not assert any claim of privilege'." Opp. at 3 (quoting *Taylor Precision*, 2017 WL 10221320, at *3). But that's *not* why the plaintiffs lacked standing to challenge timeliness. Far from denying standing to challenge timeliness because of a lack of privilege as Currax supposes, the court in fact explicitly separated and distinguished procedural timeliness under Rule 45 from questions of relevance or

privilege. Counter to Currax's causal claim, the court said plaintiff lacked standing to challenge the subpoena as "untimely" not because plaintiff *lacked privilege* but because defendant violated an "agreement amongst the parties," and that "such an agreement, not contemplated by any rule or statute, or approved by the Court, was made by the parties at their own peril[.]" *Id.* at *4. In short, the *Taylor Precision* court found defendant's subpoena was timely because it did not violate the Court's scheduling order, only an unapproved agreement between the parties. Thus, *Taylor Precision* does not preclude a finding that Mylan has standing for the present claim, since Mylan objects to the violation of the court-approved Scheduling Order, not the substance of the subpoena itself.[2]

Currax's discussion of the case law generally—and improperly—treats statements of the general rule against party standing as negations of the timeliness exception, even in cases where timeliness was not at issue. *In re Rule 45 Subpoena Issued to JP Morgan Chase Bank, N.A.* denied a timeliness objection to a third party subpoena when the objection was itself untimely and because the Rule 45 undue burden "falls to a third-party," not the movant. 319 F.R.D. 132, 135 (S.D.N.Y. Dec. 9, 2016) (citation omitted); Opp. 3–4. *Nova Products, Inc. v. Kisma Video, Inc.* found a lack of standing to quash a non-party subpoena because "[t]hough [movants] claim that the information at issue is 'proprietary and confidential,' they do not assert any privilege," and because movants claimed an "intrusion on a personal right" but "included no evidence to show that their arbitration with the AAA was meant to be private[.]" 220 F.R.D. 238, 241 (S.D.N.Y. 2004). The movants did not lodge a timeliness objection. The motion to quash a non-party subpoena in *Vogue Instrument Corp. v. Lem Instruments Corp.* was denied because the movant

---

[2] Currax does not contend that its status as a nonparty excuses it from compliance with the Scheduling Order. But even if this were the case, the Subpoena was issued at the joint request of Currax and Somaxon. Somaxon is a party to the underlying litigation and is bound by the Scheduling Order.

contended subpoenaed documents "contain trade secret data . . . supported merely by conclusory statements[.]" 41 F.R.D. 346, 348 (S.D.N.Y. 1967). Again, the movants did not procedurally object to timeliness but to content and substance.

In contrast, cases that have considered whether a timeliness exception exists have often found that there is one. "Case law establishes that subpoenas under Rule 45 are discovery, and must be utilized within the time period permitted for discovery in a case." *Davis v. Tri-Cnty. Metro. Transp. Dist. Of Oregon*, No. 3:12-CV-0808-SI, 2015 WL 3823826, at *1 (D. Or. June 18, 2015) (quoting *Integra Lifesciences I, Ltd. V. Merck KGaA*, 190 F.R.D. 556, 661–62 (S.D. Cal. 1999)). For this reason, the "general rule" against party standing "does not apply . . . when a party moves to quash a third party subpoena on the basis of its untimeliness." *Ferreira*, 2018 WL 1706212, at *1 n.1. Here, Currax's untimely subpoenas seek discovery outside the required time limitations and implicate this interest in the orderly proceeding of litigation. This fact distinguishes the present case from Currax's cited cases listed above.

Finally, the form of "standing" at issue in the subpoena context is prudential rather than jurisdictional. "Even if a party does not have standing or has not asserted sufficient standing to quash a subpoena, a court still has the authority to quash the subpoena on grounds of untimeliness." *Galloway v. Islands Mech. Contractor, Inc.*, Civil Action No. 2008-071, 2013 U.S. Dist. LEXIS 5232, at *12 (D.V.I. Jan. 14, 2013); *see also Peterbilt of Great Bend, LLC v. Doonan*, No. o5-1281-JTM, 2006 WL 3193371, at *2 (D. Kan. Nov. 1, 2006); *Revander v. Denman*, No. 00 Civ. 1810 (RJH), 2004 WL 97693, at *1 (S.D.N.Y. Jan. 21, 2004); *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 588 (W.D.N.Y. 1995). Currax's cited cases (*e.g.*, *Esseily v. Giuliani*, 22 F. App'x 77, 78 (2d Cir. 2001)) concerning Article III standing are thus inapposite, and the Court should thus proceed to consider whether the Motion should be transferred or granted on the merits.

## 2. Transfer to Delaware is warranted.

Currax's recital of the differences between this case and *Drummond Co. v. VICE Media LLC* is irrelevant. Opp. 6-7. As noted above, the Northern District of Texas has transferred consideration of the motion to quash filed there by Mylan to the District of Delaware. Ex. A. This Court should follow suit, and Currax's arguments for not doing so are unavailing. In the uncommon situation where a party is moving to quash a third party subpoena on the ground of untimeliness, the interest in avoiding burden to local nonparties is unaffected by transfer. The "exceptional circumstances" that support a decision to transfer (Fed. R. Civ. P. 45(f)) are thus those found by the Northern District of Texas, and this Court's decision to transfer would reduce the number of federal forums hearing nearly identical disputes from three to two, reducing the risk of inconsistent rulings and conserving court and party resources. Currax's argument that transfer would "eviscerate" (Opp. 7) the standard of Rule 45(f) thus ignores the specialized context of this Motion and is unavailing. Moreover, Currax implicitly concedes that transfer is appropriate by presenting an argument that good cause exists to modify the schedule (Opp. 11), although this Court lacks jurisdiction to modify Judge Andrews' scheduling order. Such an argument is properly directed to the Delaware court.

## 3. The Subpoena is untimely and thus poses an undue burden under Fed. R. Civ. P. 45(d)(3)(A).

As noted above, Currax's argument that the Subpoena was timely does not engage with the particular timing requirements for initiation of discovery included in Judge Andrews' Scheduling Order, relying instead on cases involving requirements that Currax characterizes as a deadline for the "close" or "complet[ion]" of fact discovery. Opp. 10. Since nonparties are generally not bound by scheduling orders, such orders that set a deadline on production of discoverable information might be consistent with a party serving a subpoena late in the discovery period. But an order that sets a deadline on *initiation* of discovery is not consistent

7

with what Currax has done here, which is why Currax does not argue that it complied with the particular scheduling order at issue here.

Currax further argues that "Mylan mentions 'undue burden' only in passing" (Opp. 8) but does not engage with Mylan's argument that an untimely subpoena presents a *per se* undue burden because the "subpoena should not have been issued." Mot. at 6.  Nor can Currax's Rule 45 argument account for the cases in which district courts have quashed subpoenas on timeliness grounds.

4.     **The Subpoena must be quashed to avoid prejudice to Mylan.**

Currax does not dispute that Mylan is prejudiced by the Subpoena in the preparation of its opening expert report, but it cites one inapposite case to argue that the prejudice could be cured by a supplemental report.  That case, *Vectura Ltd. v. GlaxoSmithKline LLC*, Civil Action No. 16-638-RGA, 2019 U.S. Dist. LEXIS 55415, (D. Del. Apr. 1, 2019), involved the admissibility of new expert opinions late in expert discovery, not new factual evidence that might change the factual record on which the experts opine.  New fact discovery after expert reports have been submitted raises the prospect of substantially more harm to Mylan's ability to present its expert's opinions without them being unfairly undermined by surprise disclosures.

Mylan vigorously disputes Currax's characterization of the litigation history, which selectively recites facts in order to lay the blame for past delays on Mylan.  For instance, Currax notes that "[a]n appeal . . . terminated" in January 2021 (Opp. 2) but neglects to note that it appealed and proceeded to dismiss the appeal after Mylan disputed appellate jurisdiction.  In any event, the best forum for addressing the relevance of the litigation history is the District of Delaware, which is familiar with the facts.

## **CONCLUSION**

For the foregoing reasons, the consideration of this Motion should be transferred to the District of Delaware, and the Subpoena should be quashed.

Dated: June 23, 2022                                           Respectfully Submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*s/ John I. Karin*
John I. Karin
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: jkarin@wsgr.com

Stuart A. Williams
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
375 Southpointe Boulevard
Canonsburg, Pennsylvania 15317
Telephone: (917) 288-5094
Facsimile: (212) 999-5899
Email: swilliams@wsgr.com

Nicole W. Stafford
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, Texas 78746
Telephone: (512) 338-5400
Facsimile: (512) 338-5499
Email: nstafford@wsgr.com

David S. Steuer
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
Email: dsteuer@wsgr.com

G. Edward Powell III
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C. 20006
Telephone: (202) 973-8800
Facsimile: (202) 973-8899
Email: epowell@wsgr.com

*Counsel for Movants*
*Mylan Pharmaceuticals Inc. and Mylan Inc.*

**CERTIFICATE OF SERVICE**

      I, John I. Karin, hereby certify that on June 23, 2022, I electronically filed the foregoing document with the Clerk of the Court, United States District Court for the Southern District of New York using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by the CM/ECF system, as well as all counsel of record in the underlying action by email - *Somaxon Pharmaceuticals Inc. et al. v. Actavis Elizabeth LLC et al.*, No. 1:10-cv-01100 (D. Del.).

Dated**:** June 23, 2022

Respectfully Submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*s/ John  I. Karin*
John I. Karin
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: jkarin@wsgr.com