UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SOMAXON PHARMACEUTICALS, INC., and PROCOM ONE INC.,

                    Plaintiffs,

                    -v.-

ACTAVIS ELIZABETH LLC, ACTAVIS INC., MYLAN INC., MYLAN PHARMACEUTICALS INC., PAR PHARMACEUTICAL INC., PAR PHARMACEUTICAL COMPANIES INC., ZYDUS PHARMACEUTICALS (USA) INC., and CADILA HEALTHCARE LIMITED,

                    Defendants.

22 Misc. 162 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

    In this miscellaneous action, Defendants and Counterclaim-Plaintiffs Mylan Pharmaceuticals Inc. and Mylan Inc. (collectively, "Mylan") move to quash a subpoena served on Teva Pharmaceuticals USA Inc. ("Teva") by Plaintiff Somaxon Pharmaceuticals ("Somaxon") and nonparties Currax Pharmaceuticals LLC, Currax Holdings LLC, and Currax Holdings USA LLC (collectively, "Currax"), pursuant to Federal Rule of Civil Procedure 45(d)(3)(A). Mylan simultaneously seeks to transfer its motion to quash to the United States District Court for the District of Delaware pursuant to Federal Rule of Civil Procedure 45(f). For the reasons that follow, the Court denies Mylan's motion to transfer and its motion to quash.

## BACKGROUND[1]

By way of background, Mylan's motion seeks to quash a subpoena (the "Subpoena") that was served in connection with a contract dispute currently being litigated in the District of Delaware between Mylan and Currax (the "Delaware Litigation"). (Mylan Br. 2). *See Somaxon Pharm. Inc.* v. *Actavis Elizabeth LLC*, No. 10 Civ. 1100 (RGA), Dkt. #322 at 6-7 (D. Del. Jun. 25, 2020) (finding Currax to be in breach of contract and allowing Mylan to pursue damages for that breach). On February 16, 2022, the Delaware court entered a discovery order that set a fact discovery deadline of June 6, 2022 (the "Scheduling Order"). (Mylan Br. 2).

In connection with the Delaware Litigation, on or after June 1, 2022, Currax served four subpoenas, including the Subpoena, on Teva and non-party McKesson Corporation. (Mylan Br. 2; *see also id.*, Ex. A (copy of Subpoena)). The Subpoena set a return date of June 15, 2022 — more than a week after the fact discovery deadline set by the Scheduling Order. (*See id.*). Mylan states that Currax issued these subpoenas without "seek[ing] leave of court or an extension allowing it to serve discovery that would not be completed until after the deadline prescribed by the Scheduling Order." (*Id.* at 2).

Mylan filed the instant motion to quash the Subpoena on June 14, 2022, arguing that the Subpoena was untimely and prejudiced Mylan. (Mylan Br. 1).

---

[1]   This Order draws its facts primarily from Mylan's memorandum in support of its motion to quash. (Dkt. #1 ("Mylan Br.")). For ease of reference, the Court refers to Currax's memorandum of law in opposition to Mylan's motion as "Currax Opp." (Dkt. #7), and Mylan's reply memorandum of law in further support of its motion as "Mylan Reply" (Dkt. #10).

Mylan simultaneously requested that the motion be transferred to the District of Delaware based on that court's familiarity with the Delaware Litigation and, more specifically, its issuance of the Scheduling Order. (*Id.*). On June 21, 2022, Currax filed a brief and declaration in opposition to Mylan's motion. (Dkt. #7, 9). On June 23, 2022, Mylan filed a reply brief in further support of its motion. (Dkt. #10).

Since Mylan filed its opening motion, Judge Sam R. Cummings of the United States District Court for the Northern District of Texas issued an order resolving a substantively similar motion filed by Mylan in that district. (*See* Mylan Reply 7; *see also id.*, Ex. A (copy of order)). In an order dated June 21, 2022, Judge Cummings granted Mylan's motion to transfer its motion to quash one of the three other subpoenas Currax served on or after June 1, 2022, to the District of Delaware, explaining that the court "decline[d] to issue a merits ruling as to [Mylan's] Motion as the transferee court currently has a scheduling order in place which contains a deadline for the close of fact discovery." (*Id.*, Ex. A).

## DISCUSSION

**A.     Legal Standard**

Federal Rule of Civil Procedure 45 supplies the relevant legal standards. Rule 45(d)(3)(A) provides that: "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged

or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Further, Rule 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

Before a court may resolve a motion to quash, however, it must address the "threshold issue" of standing. *Esseily* v. *Giuliani*, 22 F. App'x 77, 78 (2d Cir. 2001) (summary order). "When a claimant lacks standing, the court has no subject matter jurisdiction to hear the case." *Id.* (citing *In re United States Catholic Conference,* 885 F.2d 1020, 1023 (2d Cir. 1989)). And if a court lacks subject matter jurisdiction, it lacks the power to decide the motion or to transfer the case to another venue. *See Lindstrom* v. *Transervice Logistics Inc.*, No. 17 Civ. 6988 (ILG), 2018 WL 1121598, at *1-2 (E.D.N.Y. Feb. 27, 2018) (citing *Leeds, Morelli & Brown, P.C.* v. *Hernandez*, No. 05 Civ. 1135 (DLI), 2005 WL 2148994, at *3 (E.D.N.Y. Sept. 6, 2005)). For these reasons, "where a party properly moves ... to quash a non-party subpoena, it must establish that it has standing to quash." *United States ex rel. Ortiz* v. *Mount Sinai Hosp.*, 169 F. Supp. 3d 538, 544-45 (S.D.N.Y. 2016). This can be a "difficult task" because a party generally lacks standing to challenge a third-party subpoena, unless the party is seeking to protect a personal right or privilege in the subpoenaed documents. *Id.*; *accord United States* v. *Nachamie*, 91 F. Supp. 2d 552, 558

4

(S.D.N.Y. 2000); 9A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2459 (3d ed. 2008).

**B.     Analysis**

In its memorandum of law in support of its motion, Mylan argues that it has standing to quash a third-party subpoena on the grounds of untimeliness, citing to three federal district court cases to support this proposition. (Mylan Br. 3). *See Ferreira* v. *Penzone*, No. Civ. 15-01845 (PHX) (JAT), 2018 WL 1706212, at *1 n.1 (D. Ariz. Apr. 9, 2018) (stating that a party has standing when it "moves to quash a third party subpoena on the basis of its untimeliness"); *see also Davis* v. *Tri-Cty. Metro. Transp. Dist.*, 2015 WL 3823826, at *1 (D. Or. 2015) (granting a motion to quash a subpoena served on a third party after the discovery deadline); *Rice* v. *United States*, 164 F.R.D. 556, 556-59 (N.D. Okla. 1995) (same). Currax responds that the standing analysis in *Ferreira* contradicts law from this Court, the Second Circuit, and other Circuit courts, under which Mylan does not have standing to quash the Subpoena. (Currax Opp. 3-4). The Court agrees with Currax.

The *Ferreira* court relies on *Davis* and *Rice* for its pronouncement that the general rule that "a party has no standing to quash a subpoena upon a third party, except as to claims of privilege relating to the documents being sought ... does not apply ... when a party moves to quash a third party subpoena on the basis of untimeliness." 2018 WL 1706212, at *1 n.1. *Davis* and *Rice*, however, do not address standing at all, perhaps because standing was a non-issue given the sensitive nature of the subpoenaed material in those

cases. *See Davis*, 2015 WL 3823826, at *1 (involving Social Security Administration records about plaintiff's disability benefits); *Rice*, 164 F.R.D. at 556-57 (involving medical, school, and Social Security Administration records pertaining to minor plaintiff's mother). As noted above, the weight of authority in this Circuit dictates that a party must claim a personal right or privilege in the subpoenaed documents in order to have standing to challenge a subpoena served on a third party. *See Langford* v. *Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975) ("In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness."); *accord Est. of Ungar* v. *Palestinian Auth.*, 332 F. App'x 643, 645 (2d Cir. 2009) (summary order); *Sali* v. *Zwanger & Pesiri Radiology Grp., LLP*, No. 19 Civ. 275 (FB) (CLP), 2022 WL 1085508, at *17 (E.D.N.Y. Jan. 10, 2022) (collecting cases), *report and recommendation adopted*, 2022 WL 819178 (E.D.N.Y. Mar. 18, 2022). Given that Mylan rests its entire standing argument on the rule announced in *Ferreira*, and does not claim a personal right or privilege in the material subpoenaed from Teva, it lacks standing to quash the Subpoena.[2]

Mylan also argues that its motion is appropriate because "[e]ven if a party does not have standing or has not asserted sufficient standing to quash a subpoena, a court still has the authority to quash the subpoena on grounds of untimeliness." (Mylan Reply 6 (quoting *Galloway* v. *Islands Mech. Contractor,*

---

[2] The Court acknowledges that the Northern District of Texas granted Mylan's motion to transfer a similar motion to quash to the District of Delaware. (Mylan Reply, Ex. A). However, the court did so without engaging with the threshold issue of whether Mylan has standing to quash a third-party subpoena. (*See generally id.*).

6

*Inc.*, No. 08 Civ. 71 (WAL), 2013 WL 163985, at *4 (D.V.I. Jan. 14, 2013))). The cases on which Mylan relies to support this proposition are easily distinguishable. In *Galloway*, for example, the court ultimately quashed the challenged subpoenas on the grounds that the subpoenas violated the court's own scheduling order. *Galloway*, 2013 WL 163985, at *6. Similarly, in *Revander* v. *Denman*, No. 00 Civ. 1810 (RJH), 2004 WL 97693, at *1-2 (S.D.N.Y. Jan. 21, 2004), the court quashed the challenged subpoenas because they were issued outside of its own scheduling orders and on the eve of trial. Here, by contrast, this Court is not presiding over the case and thus has not issued a scheduling order. To the extent Mylan seeks to have the subpoenaed evidence precluded from use in the Delaware Litigation, it is free to make such a request to the presiding court.

Accordingly, the Court finds that Mylan lacks standing to pursue its motion to quash and therefore denies Mylan's motion.[3]

---

[3] Even if the Court retained subject matter jurisdiction over the motion, the Court would be unlikely to transfer the case to the District of Delaware. Under Rule 45(f), if the party subject to the subpoena does not consent to transfer of the motion, the court may still grant the motion to transfer if it finds "exceptional circumstances." Fed. R. Civ. P. 45(f). In evaluating whether exceptional circumstances are present, the court is to consider whether "[t]he interests of judicial economy and consistency" weigh in support of transfer. *Am. Plan Administrators* v. *S. Broward Hosp. Dist.*, No. 21 Misc. 2663 (KAM) (TAM), 2021 WL 6064845, at*4 (E.D.N.Y. Dec. 22, 2021), *appeal dismissed*, 39 F.4th 59 (2d Cir. 2022); *see also* Fed. R. Civ. P. 45(f), advisory committee's notes to 2013 amendment (noting that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation"). Here, a substantial portion of the parties' briefing is devoted to the issue of whether Mylan has standing. (*See* Mylan Br. 3; Currax Opp. 2-5; Mylan Reply 3-6). The Court finds that it is unlikely that the Delaware court is better situated to resolve this dispute. Accordingly, transferring the case would not further the interest of judicial economy.

## CONCLUSION

For the foregoing reasons, Mylan's motion to quash is DENIED. The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated: August 18, 2022
New York, New York

*Katherine Polk Failla*
KATHERINE POLK FAILLA
United States District Judge